11-4894-cv
Schulz v. Kellner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand twelve.

PRESENT:  PIERRE N. LEVAL,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.
-----------------------------------------------------------------------
ROBERT L. SCHULZ and JOHN LIGGETT,
            *Plaintiffs-Appellants*,

            v.                                          No. 11-4894-cv

DOUGLAS KELLNER, Individually and as Commissioner of the New York State Board of Elections, EVELYN AQUILA, Individually and as Commissioner of the New York State Board of Elections, HELENA MOSES DONAHUE, Individually, JAMES A. WALSH, as Commissioner of the New York State Board of Elections, and GREGORY P. PETERSON, as Commissioner of New York State Board of Elections,
            *Defendants-Appellees*.[*]
-----------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

| | |
|---|---|
| APPEARING FOR APPELLANTS: | ROBERT L. SCHULZ, *pro se*, Queensbury, New York (John Liggett, *pro se*, New York, New York, *on the brief*). |
| FOR APPELLEES: | Paul M. Collins, Deputy Special Counsel, New York State Board of Elections, Albany, New York. |

Appeal from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on October 13, 2011, is AFFIRMED.

Plaintiffs Robert L. Schulz and John Liggett, proceeding pro se, appeal the denial of their motion for reconsideration of the dismissal of their amended complaint for lack of standing and mootness.[1] We review the denial of Fed. R. Civ. P. 59(e) and 60(b) motions for abuse of discretion, see Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (Rule 60(b)); Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008) (Rule 59(e)), and the dismissal of a complaint for lack of standing and mootness de novo, see Amador v. Andrews, 655 F.3d 89, 95 (2d Cir. 2011) (mootness); Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (standing). We assume the parties' familiarity with the

---

[1] Because plaintiffs' notice of appeal states that they appeal only the denial of reconsideration, we lack jurisdiction to review arguments decided by the district court in the underlying dismissal order that were not renewed in plaintiffs' motion for reconsideration. See Fed. R. App. P. 3(c)(1)(B); "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121 (2d Cir. 2008) (holding that court reviewing appeal from denial of reconsideration has jurisdiction to review arguments decided in the underlying order only if renewed in motion for reconsideration). Accordingly, we lack jurisdiction to review plaintiffs' challenges to the dismissal of their Contracts Clause claim and to the magistrate judge's confidentiality order.

underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"In order to have standing to bring suit, a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." Woods v. Empire Health Choice, Inc., 574 F.3d 92, 96 (2d Cir. 2009). Plaintiffs alleged that the New York State Board of Elections' adoption of voting procedures involving the use of computers and other machines violated New Yorkers' rights to have their votes accurately counted during the 2008 elections, "[d]ue to the enhanced probability and inevitability of machine error and human fraud during the primaries." Am. Compl. ¶ 251. Like the district court, we conclude that the bare allegation of conjectural future harm does not satisfy the constitutional requirement that plaintiffs allege a concrete and particularized injury-in-fact.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the order denying reconsideration is AFFIRMED.

        FOR THE COURT:
        CATHERINE O'HAGAN WOLFE, Clerk of Court

